COMMONWEALTH vs. MARK N. DALEY.

No. 05-P-958.

Plymouth. March 9, 2006. - May 8, 2006.

Present: ARMSTRONG, C.J., DREBEN, GREENBERG, LAURENCE, & VUONO, JJ.

*Motor Vehicle,* Operating to endanger. *Practice, Criminal,* Argument by prosecutor. *Statute,* Construction.

Evidence at the trial of a criminal complaint charging negligent operation of a motor vehicle, G. L. c. 90, § 24(2)(*a*), which established that the defendant drove erratically while intoxicated, was sufficient to withstand the defendant's motion of a required finding of not guilty. [255-256]

A criminal defendant failed to demonstrate that certain remarks made by the prosecutor in closing argument misstated the evidence introduced at trial. [256-257]

COMPLAINT received and sworn to in the Plymouth Division of the District Court Department on August 19, 2004.

The case was heard by *Thomas S. Barrett,* J.

*David D. Nielson* for the defendant.

*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.

VUONO, J. Following a bench trial in the District Court, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (fifth offense), G. L. c. 90, § 24(1)(*a*)(1), and negligent operation of a motor vehicle, G. L. c. 90, § 24(2)(*a*). He appeals only from his conviction of negligent operation of a motor vehicle, claiming that (1) the judge erred in denying his motion for a required finding of not guilty; and (2) the prosecutor made improper comments in closing argument.

We conclude that the evidence of the defendant's erratic driving, combined with evidence of his intoxication, was sufficient to withstand a motion for a required finding of not guilty. We also conclude that the prosecutor's remarks in closing argument did not create a substantial risk of a miscarriage of justice. Accordingly, we affirm.

1. *Denial of motion for required finding of not guilty.* To establish guilt under the negligent operation statute, G. L. c. 90, § 24(2)(*a*), "the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) upon a public way, and (3) (recklessly or) negligently so that the lives or safety of the public might be endangered." *Commonwealth* v. *Duffy*, 62 Mass. App. Ct. 921, 921 (2004). The defendant claims that there was a failure of proof as to the third factor.

We summarize the facts in the light most favorable to the Commonwealth. See *Commonwealth* v. *O'Laughlin*, 446 Mass. 188, 190 (2006). The defendant was stopped in moderate to light traffic on Route 3 by State Trooper William Tarbokas after Trooper Tarbokas observed him (1) drive his vehicle over the fog line on the left hand side of the road three or four times; (2) travel from the passing lane through the travel lane and into the breakdown lane; and (3) straddle the breakdown lane for approximately 300 feet, where he narrowly missed a four foot square orange reflective sign warning drivers of road work ahead. The defendant was driving fifty miles per hour (the posted speed limit was sixty miles per hour) and was using his windshield wipers even though it was a clear night. In addition, once the defendant pulled his car to the side of the road, he placed it in reverse rather than placing it in park.

Upon approaching the defendant, Trooper Tarbokas detected a moderate odor of alcohol and noted that the defendant's speech was "thick tongued." The defendant did not have his driver's license on his person and was unsure of his whereabouts or the time. In response to the trooper's inquiry if the defendant knew where he was, the defendant responded, "Kind of Route 3." He further stated that it was "1:30" when it was approximately 11:10 p.m. After conducting field sobriety tests and determining that the defendant was intoxicated, Trooper Tarbokas placed the defendant under arrest and transported him to the State police barracks.[1]

---

[1] The defendant subsequently agreed to a breathalyzer test which showed a blood alcohol level of .07 per cent. Trooper Tarbokas, who remained with the defendant for approximately one and one-half hours, testified that the defendant had some difficulty responding to routine questions during the booking process and opined that the defendant's level of sobriety (or lack thereof) did not change during that time.

There is sufficient support for a denial of a motion for a required finding of not guilty when "the Commonwealth produce[s] enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime [is] present." *Commonwealth* v. *Siciliano*, 420 Mass. 303, 307 (1995), quoting from *Aucella* v. *Commonwealth*, 406 Mass. 415, 416 (1990). Here, the Commonwealth produced evidence that the defendant drove while intoxicated, meandered back and forth over the fog line on the left hand side of the road, crossed over two lanes of traffic, straddled the breakdown lane for approximately 300 feet, and nearly struck a large road sign before swerving back into the travel lane. It was both reasonable and permissible for the trier of fact to infer that the defendant operated his motor vehicle in a negligent manner. See *Commonwealth* v. *Platt*, 440 Mass. 396, 403 (2003), citing *Commonwealth* v. *Swartz*, 343 Mass. 709, 713 (1962) ("inference of defendant's guilt from all circumstances, 'while not compelling, was at least permissible' ").

The defendant argues that the judge erred in denying his motion for a required finding of not guilty because he was not speeding and was not involved in an accident. This argument misses the point. The statute only requires proof that the lives or safety of the public *might* be endangered, not that they *were* endangered. See *Commonwealth* v. *Duffy*, 62 Mass. App. Ct. at 923. The facts were sufficient to withstand a motion for a required finding of not guilty. See *Commonwealth* v. *Siciliano*, 420 Mass. at 307-308 (erratic operation and nearly striking traffic island sufficient evidence of negligently driving to endanger).

*2. The prosecutor's closing argument.* The defendant argues that the prosecutor misstated the evidence on three occasions. As the defendant did not object to the contested remarks, our review is limited to determining whether there was error and, if so, whether the error created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Delong*, 60 Mass. App. Ct. 122, 132 (2003).

The first two remarks the defendant challenges related to the defendant's driving. The prosecutor argued that the defendant drove "off the road in the left hand lane" and that the defendant

was in the breakdown lane for "hundreds of feet." " '[P]rosecutors are entitled to marshal the evidence and suggest inferences that the jury may draw from it.'. . . The inferences suggested by the prosecutor need only be reasonable and possible and need not be necessary or inescapable." (Citation omitted.) *Commonwealth* v. *Dinkins*, 415 Mass. 715, 725 (1993). The argument was a fair statement based on the evidence. Trooper Tarbokas testified without objection that the defendant "cross[ed] over the left hand fog line of the roadway" several times. He further testified that the defendant straddled the breakdown lane for "a few hundred feet." On this record, we cannot say with confidence that the challenged remarks were improper.

The defendant claims that the prosecutor further misstated the evidence when he said that Trooper Tarbokas detected a "strong" odor of alcohol when he approached the defendant. The defendant contends correctly that Trooper Tarbokas testified that he detected a "moderate" odor of alcohol. The prosecutor did overstate the evidence.

"[I]t is presumed that the judge as trier of fact applies correct legal principles." *Commonwealth* v. *Milo M.*, 433 Mass. 149, 152 (2001), quoting from *Commonwealth* v. *Colon*, 33 Mass. App. Ct. 304, 308 (1992). "[T]he law is that the fact finder is to rely on his memory of the evidence, not that of counsel." *Commonwealth* v. *Montanez*, 439 Mass. 441, 452 (2003). Furthermore, because this was a jury-waived trial, we are not concerned with the effect of the prosecutor's misstatement on a jury. In sum, the error did not create a substantial risk of a miscarriage of justice.

*Judgment affirmed.*