After a jury trial, the defendant, Anthony Olbrot, was convicted of operating a motor vehicle while under the influence of alcohol, leaving the scene of an accident causing property damage, and negligent operation of a motor vehicle. On appeal, the defendant contends that (1) the judge erred in denying his motion to suppress, and (2) there was insufficient evidence to support the convictions. We affirm.
1. Motion to suppress. The defendant argues that the judge erroneously denied his motion to suppress because the alleged misdemeanor was not committed in the presence of the arresting police officer. We affirm the judge's denial of the defendant's motion to suppress, albeit on grounds different from those articulated by the motion judge. See Commonwealth v. Cotto, 471 Mass. 97, 118 (2015), quoting from Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997) ("An appellate court is free to affirm a ruling on grounds different from those relied on by the motion judge if the correct or preferred basis for affirmance is supported by the record and the findings").
"[W]e accept the judge's subsidiary findings of fact absent clear error but conduct an independent review of [the judge's] ultimate findings and conclusions of law." Commonwealth v. Meas, 467 Mass. 434, 440 (2014) (quotation omitted). The defendant relies on the common-law rule concerning warrantless arrests for misdemeanors, which generally requires that the misdemeanor constituting a breach of the peace be committed in the presence or view of the officer, who must interrupt the conduct to effectuate the arrest. See Commonwealth v. Jewett, 471 Mass. 624, 629-630 (2015). Here, the officer did not see the defendant drive or hit the pole.
The judge relied on hot pursuit in denying the motion. We need not reach that issue, because the arresting officer was authorized to arrest the defendant by statute. See G. L. c. 90, § 21. "An officer 'authorized to make arrests' who is in uniform or conspicuously displaying his badge of office may arrest without a warrant any person who, the officer has probable cause to believe, has operated or is operating a motor vehicle while under the influence of intoxicating liquor." Commonwealth v. Howe, 405 Mass. 332, 334 (1989), quoting from G. L. c. 90, § 21.
We summarize the facts as found by the judge, supplemented by undisputed facts that she implicitly credited and that are consistent with her ruling. See Commonwealth v. Jones-Pannell, 472 Mass. 429, 431 (2015) ; Commonwealth v. Depiero, 473 Mass 450, 452 n.3 (2016). The responding police officers knew from a witness's report that a white Toyota Highlander[2] had crashed into a pole. When Officer Victoria arrived on the scene he saw a white vehicle's bumper next to the pole. The witness then reported that the vehicle's license plate number was "1RNB30" and that the driver was an older man with white hair. After identifying a discrepancy in the plate number,[3] one of the officers located a nearby address for a white Toyota Highlander. They went to the address and saw a white Toyota Highlander with a missing bumper in the driveway. Officer Victoria touched the hood of the vehicle, and it was still warm.
The officers spoke to the defendant, who admitted to crashing into the pole. The defendant claimed he drank two beers after arriving home some time earlier.[4] However, the defendant's wife said that her husband had just arrived home. The defendant was aggressive, had an odor of alcohol, was unsteady on his feet, and his speech was slurred.
"An arrest is supported by probable cause, and therefore lawful, 'where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested had committed ... an offense' for which arrest is authorized." Commonwealth v. Cartright, 478 Mass. 273, 283 (2017), quoting from Jewett, 471 Mass. at 629. The evidence here was more than sufficient to establish probable cause to believe that the defendant was driving his car while under the influence of alcohol. See Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994).
2. Sufficiency. The defendant claims that the evidence was insufficient to prove that he caused actual damage to the property of another, or that he operated a motor vehicle, much less operated a motor vehicle while under the influence of alcohol. Upon review, we look at the facts adduced at trial in the light most favorable to the Commonwealth and determine whether any rational trier of fact could have found that all elements of the crime had been proved. Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).
a. Operating under the influence of alcohol. The defendant contends that the Commonwealth did not produce sufficient evidence that the defendant was under the influence of alcohol at the time of the accident. The defendant admitted to drinking two beers when he arrived home. Yet, after his arrest and booking, he had a blood alcohol content of .17, more than twice the legal limit. When Officer Sheehy spoke with the defendant at his home, the officer observed that the defendant was unsteady, had bloodshot glossy eyes, had an odor of alcohol, appeared confused, and was loud, mumbling, and uncooperative. The Commonwealth sustained its burden of proof beyond a reasonable doubt that the defendant operated a motor vehicle while under the influence of alcohol. See Commonwealth v. McGillivary, 78 Mass. App. Ct. 644, 650 (2011).
b. Negligent operation."To obtain a conviction for negligent operation of a motor vehicle pursuant to G. L. c. 90, § 24(2)(a ), the Commonwealth must prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). The defendant asserts that there is no evidence that he operated the car in a manner which may have endangered the public.
"Proof of operation of a motor vehicle may rest entirely on circumstantial evidence." Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006) (quotation omitted). The defendant admitted that he had driven the car and hit the pole while talking on his cellular telephone (cell phone). As discussed above, there was evidence from which a jury could conclude that he was intoxicated at the time of the accident. The jury could take into account the evidence of intoxication in considering the negligent operation charge. See Commonwealth v. Daley, 66 Mass. App. Ct. 254, 256 (2006) ; Ross, supra at 380. The jury were permitted to draw the inference that the defendant drove in a negligent manner from the fact of the collision, his intoxication, and the distraction of the cell phone. See generally Daley, supra. Cf. Ross, supra.
c. Leaving the scene. The evidence was sufficient to permit a jury to conclude beyond a reasonable doubt that the defendant left the scene of an accident causing property damage. See Commonwealth v. Nutbrown, 81 Mass. App. Ct. 773, 774 n.2 (2012). The police responded to the scene to find a white bumper next to a damaged pole. After arriving at the defendant's home, the police noticed a white vehicle that matched a witness's description, with a missing bumper. The defendant admitted to crashing into the pole. The jury were permitted to infer that the defendant struck the pole, damaged it, and left the scene. Ibid.
The defendant argues that the Commonwealth could not rule out the possibility that the damage to the pole may have occurred long before the defendant hit it. This type of contention was specifically rejected in Nutbrown, supra ("[H]ere the jury could reasonably have inferred that the car accident caused damage to the guardrail even without evidence as to the prior state of the guardrail"). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713, cert. denied, 134 S. Ct. 2855 (2014).
The defendant's motion for a required finding of not guilty was properly denied.
Judgments affirmed.

The motion judge's reference to a "Hyundai" in her findings of fact is clearly erroneous, but the error is immaterial.

The actual plate number of the defendant's vehicle was "1RN830."

Officers Sheehy and Victoria arrived at the defendant's home in marked police cruisers, a conspicuous display of the badge of office. See Howe, 405 Mass. at 334.