Following a jury-waived trial, the defendant was convicted of forcible rape of a child, indecent assault and battery on a child under fourteen, and intimidating a witness.[2] On appeal he contends that the judge erred in allowing the testimony of a substitute first complaint witness, that his trial counsel was ineffective, and that the prosecutor made improper statements in her closing argument. We affirm.
1. First complaint witness. Over the defendant's objection, the judge allowed the Commonwealth's motion in limine to allow the victim's mother to testify as the first complaint witness. The defendant argues that this was error because the true first complaint witness was the mother's friend, Mary,[3] who the victim told about the sexual assault a few hours before she told her mother. The defendant further argues that the Commonwealth failed to show that Mary was unavailable to testify at trial. Because the defendant objected to the mother's testimony, we review for prejudicial error. See Commonwealth v. Murungu, 450 Mass. 441, 448 (2008).
In sexual assault cases, the first complaint doctrine permits "the recipient of a complainant's first complaint of an alleged sexual assault [to] testify about the fact of the first complaint and the circumstances surrounding the making of that first complaint." Commonwealth v. King, 445 Mass. 217, 218-219 (2005). "In limited circumstances, a judge may permit the testimony of a complaint witness other than, and in lieu of, the very 'first' complaint witness." Id. at 243. "For example, where the first person told of the alleged assault is unavailable, ... the judge may exercise discretion in allowing one other complaint witness to testify." Id. at 243-244.
Here, even assuming that the Commonwealth should have done more to contact Mary,[4] the defendant suffered no prejudice from the substitution of the mother's testimony. Where the allegedly improper complaint testimony is "more important to the defense than the Commonwealth, there is no harm to the defendant." Commonwealth v. McCoy, 456 Mass. 838, 851 (2010). The defendant's central theory in this case was that the victim made up the allegations against him to divert her mother's attention from the fact that the victim was having a sexual relationship with a boy. The defendant could not have advanced this theory without evidence that the victim in fact disclosed the allegations to her mother.[5] Cf. ibid. (no substantial risk of miscarriage of justice where "inconsistencies contained in the various versions of the victim's statements were a cornerstone of the defense").
Furthermore, "there was no 'piling on' of complaint witnesses," and the mother's complaint "testimony was so lacking in detail as to be virtually insignificant." Murungu, 450 Mass. at 448. See King, 445 Mass. at 245. Although the defendant claims that the mother's testimony was more emotional than what Mary's would have been, "[i]n a jury-waived trial, we presume that the judge was not affected, as a jury might be, by the testimony of [an allegedly improper] complaint witness[ ]." Murungu, 450 Mass. at 448. We discern no prejudice to the defendant in these circumstances.
2. Ineffective assistance of counsel. The defendant next argues that his trial counsel was ineffective because she failed to request that the judge issue rulings of law under Mass.R.Crim.P. 26, 378 Mass. 897 (1979). "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial"; "our courts strongly disfavor raising claims of ineffective assistance on direct appeal." Commonwealth v. Zinser, 446 Mass. 807, 810-811 (2006). A "narrow" exception exists where "the factual basis of the claim appears indisputably on the trial record." Ibid., quoting from Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994). That is not the case here. We have no affidavit from trial counsel or other evidence regarding her reasons for not requesting rulings of law. Thus, we are not in a position to say whether her strategy was manifestly unreasonable. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
Moreover, the record does not establish that counsel's failure to request legal rulings "likely deprived the defendant of an otherwise available, substantial ground of defence." Ibid. The defendant's claim is based on his perception that the judge rejected, as a matter of law, counsel's proffered defense that the victim initiated sexual contact while the defendant was asleep.[6] It is clear, however, that the judge rejected that defense as a matter of fact. The judge convicted the defendant of assault and battery for pushing the victim to the kitchen floor, which means he necessarily credited the victim's testimony that the defendant pushed her to the floor before forcing her to perform oral sex on him. The defendant cannot show on this record, therefore, that rulings of law would have had any effect on the outcome of his appeal.
3. Closing argument. The defendant challenges several statements made by the prosecutor in her closing argument. Because the defendant did not object to these statements at trial, we review any error for a substantial risk of a miscarriage of justice. See Commonwealth v. St. Louis, 473 Mass. 350, 359 (2015).
The defendant first contends that the prosecutor vouched for the victim's credibility by arguing that she "put herself at risk" by testifying at both of the defendant's trials and at the trial of her stepfather, who was also convicted of sexually assaulting her. We agree, and the Commonwealth concedes, that this was impermissible vouching. See Commonwealth v. Beaudry, 445 Mass. 577, 587-588 (2005). The error did not, however, create a substantial risk of a miscarriage of justice. The judge expressly stated that he did not consider the fact that the victim testified at her stepfather's trial "as evidence tending to enhance the victim's credibility." There is also no substantial likelihood that the judge would have credited the victim's testimony simply because she testified at the defendant's first trial. The prosecutor focused her summation on why it would be illogical for the victim to fabricate the allegations. This was proper, and we presume that the judge distinguished between argument that was permissible and argument that was not. See Commonwealth v. Daley, 66 Mass. App. Ct. 254, 257 (2006), quoting from Commonwealth v. Milo M., 433 Mass. 149, 152 (2001) ("[I]t is presumed that the judge as trier of fact applies [the] correct legal principles").
Likewise, we reject the defendant's assertion that the prosecutor's "improper appeals to emotion" require reversal. Again, we presume that the judge correctly instructed himself and disregarded any comments that played on sympathy for the victim. See ibid.
Finally, the defendant argues that the prosecutor twice misstated the evidence. As the Commonwealth concedes, the prosecutor did misstate the testimony of the defendant's daughter. The prosecutor also appears to have erred when she stated that the defendant reported "the exact same thing" to the police and the Department of Children and Families. These errors were minor, however, and do not warrant reversal. See Commonwealth v. Rosa, 73 Mass. App. Ct. 540, 548 n.9 (2009). A judge acting as trier of fact is presumed "to rely on his memory of the evidence, not that of counsel." Daley, 66 Mass. App. Ct. at 257, quoting from Commonwealth v. Montanez, 439 Mass. 441, 452 (2003). Indeed, here, the judge expressly stated after closing arguments that he would not have a verdict that day because he wanted to "go back and look at [his] notes and reflect on those notes, and ... also review the elements of each offense." The prosecutor's two minor misstatements did not result in a substantial risk of a miscarriage of justice.
Judgments affirmed.

A jury had previously found the defendant guilty of the same charges, but the convictions were vacated after a judge allowed the defendant's motion for a new trial. The defendant then executed a jury waiver.

We refer to her by her first name because her last name is not apparent in the record appendix.

Before the start of the defendant's first trial, Mary moved out of the country, and her telephone numbers were not in service. The Commonwealth did not, however, attempt to contact her again before the second trial.

At oral argument the defendant's counsel suggested that trial counsel adopted the theory only after the judge forced her hand by allowing the mother to testify. The record does not support this assertion. To the contrary, before trial and prior to the judge's ruling, trial counsel moved to admit the victim's medical records on grounds that they supported the defense's "essential theory of the case"-i.e., "that [the victim] chose this particular time in 2011 to make the disclosure because at the time she was a 15-year-old girl who was having intercourse with a peer-aged boy, and as a result of that developed a vaginal infection that required her to go to the doctor." Counsel further argued that "it [was the defense's] theory of the case that the motive for [the victim] making the disclosure at that particular time was to deflect attention away from the fact that her mother would be upset with her for those actions."

In fact, the judge merely inquired, "But is that a defense?" After counsel explained why she believed it was a defense, the judge replied, "All right," giving no indication that he rejected counsel's reasoning.