Following a jury-waived trial, the defendant was convicted of two counts of aggravated rape and abuse of a child under the age of sixteen, three counts of indecent assault and battery on a child under the age of fourteen, and dissemination of matter harmful to minors. On appeal he argues that the judge erred in allowing the victim to review prior written statements while she was testifying, that the evidence was insufficient to support the dissemination conviction, that there was cumulative first complaint testimony, and that the judge erred in admitting evidence of a prior bad act. We affirm.
1. Use of prior written statements. The victim first disclosed the sexual assaults in a Facebook message exchange she had with a friend. While the victim was on the stand, the Commonwealth had her look at the messages and then sought to admit them in evidence as a past recollection recorded. Upon objection, the judge ruled that the messages could "only [be] admitted as to [the victim's] first complaint." In so ruling, the judge explained: "[F]irst complaint evidence is not admitted substantively.... [I]f [the victim] said something in [the messages] ... that is something different than or other than what she is testifying to as she is on the stand, then that can't substitute for her testimony." Limiting the use of the messages to this purpose, the judge allowed the Commonwealth to lay a foundation as to the authenticity of the victim's half of the messages. After the first complaint witness later authenticated her portion of the messages, the judge admitted them in evidence.
The defendant does not contest that the messages themselves were properly admitted as first complaint evidence. Nonetheless, he argues that the judge abused her discretion in allowing the victim to view the messages without first requiring the Commonwealth to establish that her memory was exhausted. This created the risk, he says, that the victim simply adopted her prior statements from the messages, rather than testifying from her present memory.
We discern no abuse of discretion, as the judge properly allowed the victim to view the messages to authenticate her half of them. Written communications disclosing sexual abuse can serve as first complaint evidence. See Commonwealth v. Stuckich, 450 Mass. 449, 456 (2008). But before a document is admitted in evidence, the judge must determine that "there is evidence sufficient, if believed, to convince the [fact finder] by a preponderance of the evidence that the item in question is what the proponent claims it to be." Commonwealth v. Connolly, 91 Mass. App. Ct. 580, 586 (2017), quoting from Commonwealth v. Purdy, 459 Mass. 442, 447 (2011). The judge did not err in allowing the Commonwealth to lay a foundation for this purpose.
Furthermore, even assuming error in the manner in which the Commonwealth used the messages, the defendant suffered no prejudice.[2] Again, the judge expressly stated that she would admit the messages only as first complaint evidence, not as substantive evidence. Despite this ruling, the defendant argues that the judge must have considered the messages substantively because, without them, the evidence was insufficient to prove the victim's age at the time of the offenses. We disagree. The victim testified that she was born in 2000 and stated the month and day. Other witnesses testified that the victim reported the assaults to the police and underwent a medical examination on February 26, 2014, which was after the final offense occurred, but before her fourteenth birthday. She was therefore under the age of fourteen at the time of the final offense, which establishes the age element of each of the statutes under which the defendant was convicted.
2. Dissemination of matter harmful to minors. The defendant challenges his dissemination conviction on the basis that the videos he showed to the victim do not qualify as matter that is harmful to minors. Because the defendant did not move for a required finding of not guilty on this count, our review is limited to determining whether there is a substantial risk of a miscarriage of justice. See Commonwealth v. Bell, 455 Mass. 408, 411 (2009).
"[M]atter is harmful to minors if it is obscene or, if taken as a whole, it (1) describes or represents nudity, sexual conduct or sexual excitement, so as to appeal predominantly to the prurient interest of minors; (2) is patently contrary to prevailing standards of adults in the county where the offense was committed as to suitable material for such minors; and (3) lacks serious literary, artistic, political or scientific value for minors." G. L. c. 272, § 31, as amended by St. 1982, c. 603, § 6. Descriptive testimony can be sufficient to prove that matter is harmful to minors, even where the matter itself is not admitted in evidence. See Ferrari v. Commonwealth, 448 Mass. 163, 168-169 (2007).
Here, the victim testified that on two separate occasions the defendant showed her "porn" videos on a computer. She specifically described the videos as depicting "[w]omen and men naked ... [h]aving sex" and "naked" "[p]eople having sex." Viewing this testimony in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), we conclude that it was sufficient to prove that the matter was harmful. This case is unlike Commonwealth v. Militello, 66 Mass. App. Ct. 325, 332 (2006), on which the defendant relies, where the testimony "indicated no more than that [the minors] saw photographs of naked women." Instead, this case is more like Ferrari, 448 Mass. at 168-169, where the court concluded that the Commonwealth had presented sufficient evidence for a dissemination conviction based on testimony from the victim that the defendant showed her "porn" videotapes depicting nudity and sexual conduct.
We also reject the defendant's argument that the Commonwealth had to put forth evidence of prevailing standards in the community. Although standards may "vary somewhat from county to county throughout the Commonwealth," there is "a baseline, perhaps defined by the standards prevailing in the county with the most permissive views on the subject." Commonwealth v. Sullivan, 55 Mass. App. Ct. 775, 781 (2002). The victim's testimony was sufficient to establish that the videos at issue here fell below that baseline, as "no reasonable and disinterested observer anywhere in the Commonwealth would think" that videos of naked men and women engaging in sexual intercourse are "suitable for display to children." Ibid.
3. First complaint testimony. The victim testified that, after telling her friend about the sexual assaults via Facebook message, she took her friend's advice and disclosed the assaults to her mother. The defendant argues that this testimony violated the first complaint doctrine. Because the defendant did not object, we review any error to determine whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. Roby, 462 Mass. 398, 409-410 (2012).
In sexual assault cases, the first complaint doctrine permits "the recipient of a complainant's first complaint of an alleged sexual assault [to] testify about the fact of the first complaint and the circumstances surrounding the making of that first complaint." Commonwealth v. King, 445 Mass. 217, 218-219 (2005). "The complainant may likewise testify to the details of the first complaint (i.e., what she told the first complaint witness), as well as why the complaint was made at that particular time." Id. at 219. The complainant may not, however, testify that she disclosed the assault to anyone other than the first complaint witness, unless the testimony is admissible for some other purpose. See Commonwealth v. Aviles, 461 Mass. 60, 68-69 (2011).
Here, it is undisputed that the recipient of the first complaint was the victim's friend. We therefore agree with the defendant that the victim's testimony about her later disclosure to her mother violated the first complaint doctrine, absent a showing that it was admissible for another purpose. But we do not believe that the testimony resulted in a substantial risk of a miscarriage of justice. "[T]here was no 'piling on' of complaint witnesses," and the testimony "was so lacking in detail as to be virtually insignificant." Commonwealth v. Murungu, 450 Mass. 441, 448 (2008). See King, 445 Mass. at 245. Moreover, "[i]n a jury-waived trial, we presume that the judge was not affected, as a jury might be, by" testimony about a second complaint. Murungu, 450 Mass. at 448.
4. Prior bad act. The victim testified, without objection, that the defendant forced her to "suck his penis." The defendant argues that this was inadmissible evidence of a prior bad act. To the contrary, the testimony concerned charged conduct: the bill of particulars states, as the basis for count three (aggravated rape and abuse of a child under the age of sixteen), that "the defendant forced the victim to suck his penis."[3] And in any event, no substantial risk of a miscarriage of justice occurred because we presume that the judge did not consider any evidence of uncharged conduct as indicative of the defendant's bad character or his propensity to commit the crimes charged. See Commonwealth v. Daley, 66 Mass. App. Ct. 254, 257 (2006), quoting from Commonwealth v. Milo M., 433 Mass. 149, 152 (2001) ("[I]t is presumed that the judge as trier of fact applies [the] correct legal principles").
Judgments affirmed.

As the parties agree that the defendant preserved his objection, our review is for prejudicial error. See Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).

At the close of the Commonwealth's case, the judge allowed the Commonwealth's motion to dismiss this count.