The defendant, James M. Farrell, was charged with operating while under the influence of alcohol, see G. L. c. 90, § 24(1)(a )(1), and negligent operation of a motor vehicle, see G. L. c. 90, § 24(2)(a ). After a jury trial, the defendant was convicted of negligent operation of a motor vehicle. On appeal, he argues that there was insufficient evidence to sustain the conviction. We affirm.
Discussion. 1. Sufficiency of the evidence. When reviewing a denial of a motion for a required finding of not guilty, we assess the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). "The Commonwealth's evidence may be entirely circumstantial, and ... the inferences a jury may draw from the evidence need only be reasonable and possible and need not be necessary or inescapable." Commonwealth v. Mejia, 461 Mass. 384, 392 (2012) (quotations omitted). When evaluating the sufficiency of the evidence, we resolve all credibility issues in favor of the Commonwealth. See Commonwealth v. Platt, 440 Mass. 396, 401 (2003).
To convict a defendant of negligent operation of a motor vehicle under G. L. c. 90, § 24(2)(a ), "the Commonwealth must prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). The defendant challenges only the third element, arguing that the Commonwealth failed to prove that he operated a motor vehicle in a negligent manner. We disagree.
Here, Farrell was driving a pickup truck on a poorly lit and poorly kept road at approximately 11:00 P.M. when he left the roadway and crashed into a concrete guardrail post. A responding police officer observed that Farrell had a "slight odor of alcohol" on his breath, had bloodshot and glassy eyes, and his speech was slurred. Farrell told the officer that the crash occurred when he swerved to avoid a car that was coming at him at a speed of between "80 and 100 miles an hour." Farrell admitted he had consumed one beer and two "nips." Farrell told the police that he was exhausted and had worked all day. Farrell admitted that he had been looking at his cellular telephone just prior to the crash. He also admitted that "[h]e didn't think that a beer and a nip would affect him as much as they did."
This evidence was sufficient for a rational trier of fact to find that the defendant negligently operated his vehicle. See Commonwealth v. Daley, 66 Mass. App. Ct. 254, 256 (2006) (affirming based on evidence that defendant drove while intoxicated, crossed marked lanes, and nearly struck a road sign); Ross, supra at 380 (affirming based on combination of evidence of speed, location, and intoxication).[2]
Judgment affirmed.

Additionally, there was no error in the denial of the defendant's renewed motion for a required finding at the close of all the evidence. The Commonwealth's case did not deteriorate after the presentation of the defendant's evidence. Commonwealth v. O'Laughlin, 446 Mass. 188, 203 (2006).