NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12663

COMMONWEALTH  vs.  SCOTT M. ZAGWYN.


June 6, 2019.


Motor Vehicle, Operating to endanger.  Negligence, motor
    vehicle.


        A jury in the Barnstable Division of the District Court
Department convicted the defendant, Scott M. Zagwyn, of
operating a motor vehicle while under the influence of liquor
(OUI), in violation of G. L. c. 90, § 24 (1) (a) (1), and
negligent operation of a motor vehicle, in violation of G. L.
c. 90, § 24 (2) (a).[1]  The defendant appealed, and the Appeals
Court affirmed.  See Commonwealth v. Zagwyn, 94 Mass. App. Ct.
1105 (2018).  In his appeal, the defendant argued that the trial
judge erred in denying his motion for a required finding of not
guilty because the evidence was insufficient to support the
convictions.  He also argued that the arresting police officer's
testimony on the ultimate issue of guilt -- that the defendant
was too intoxicated to operate a motor vehicle -- was improper.
In affirming the convictions, the Appeals Court rejected the
defendant's argument that the evidence was insufficient.
Additionally, although the court agreed with the defendant that
the arresting officer's testimony was improper, the court
concluded that the testimony did not create a substantial risk
of a miscarriage of justice.

_____

        [1] He was also found responsible for an equipment violation,
in violation of G. L. c. 90, § 7.  In a separate, jury-waived
trial on a subsequent offense portion of the charge of operating
a motor vehicle while under the influence of liquor, the
defendant was convicted of operating a motor vehicle while under
the influence of liquor, third offense.

We granted the defendant's application for further appellate review. We did so principally in order to address the negligent operation charge. For the reasons explained below, we agree with the defendant that the evidence was insufficient to support the conviction of that offense.[2]

A conviction of negligent operation requires a showing that the defendant operated the vehicle "negligently so that the lives or safety of the public might be endangered." G. L. c. 90, § 24 (2) (a). The statute "only requires proof that the defendant's conduct [in operating the vehicle] might have endangered the safety of the public, not that it in fact did." Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007), and cases cited. In other words, "it is the operation of the vehicle itself that is the crime." Commonwealth v. Constantino, 443 Mass. 521, 526 (2005). Here, the arresting officer stopped the defendant's motor vehicle after observing that one of the vehicle's headlights and a rear license plate light were not working. He followed the vehicle for approximately one to one and one-half miles before stopping the vehicle, and during that time he did not observe the vehicle speeding, swerving, or making any sudden stops. When the officer initiated the stop, the defendant moved the vehicle to a safe location. The stop itself revealed evidence that the defendant was operating the vehicle while under the influence of alcohol. The question then becomes whether evidence of operating a motor vehicle with a faulty headlight and rear license plate while under the influence of alcohol is sufficient to prove negligent operation, when there is no other evidence of negligent operation.

The case law on which the Commonwealth relies in support of its position that there is sufficient evidence of negligent operation here is inapposite. In Commonwealth v. Daley, 66 Mass. App. Ct. 254 (2006), for example, which involved convictions of both OUI and negligent operation, there was evidence that the defendant "drove while intoxicated, meandered back and forth over the fog line on the left hand side of the road, crossed over two lanes of traffic, straddled the breakdown lane for approximately 300 feet, and nearly struck a large road sign before swerving back into the travel lane." Id. at 256.

_____

[2] We have also considered the defendant's arguments as to the conviction of operating under the influence of liquor. We affirm that conviction for essentially the same reasons stated by the Appeals Court. No further discussion of that charge is necessary.

The fact that the defendant in the Daley case was intoxicated may have been a factor, but there was abundant other evidence that he operated his vehicle in a negligent manner. Commonwealth v. Woods, 414 Mass. 343 (1993), is likewise inapt. In that case, the defendant was convicted of vehicular homicide by negligent operation. See id. at 344. In an earlier trial, a jury had acquitted him of OUI, but evidence that he had been drinking before driving was still relevant to the charge of negligent operation. See id. at 350. As in the Daley case, however, there was other evidence of negligent operation -- specifically, that the vehicle "careened off the road and struck a tree." Id. at 344. See, e.g., Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380-381 (2017) (evidence of intoxication combined with evidence of excess speed at night on narrow, two-lane, residential road, lined with trees, telephone poles, and fences, supported conviction of negligent operation).

Again, although evidence of an operator's intoxication is relevant to a charge of negligent operation, a conviction of negligent operation requires something more than just operating a motor vehicle while under the influence of alcohol. The two crimes are separate. In the circumstances presented, the scant evidence of a broken headlight and a broken license plate light, even when coupled with proof of intoxication, is insufficient to warrant a finding that the defendant actually operated his vehicle in such a way as to endanger the lives or safety of the public when there is no other evidence of negligent operation.

The judgment of conviction as to negligent operation is therefore reversed. The judgment of conviction of operating a motor vehicle while under the influence is affirmed.

                    So ordered.


      Meghan K. Oreste for the defendant.
      Elizabeth M. Carey, Assistant District Attorney, for the Commonwealth.