NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-272

COMMONWEALTH

vs.

ARTASHES VARDANYAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the District Court, a jury convicted the defendant, Artashes Vardanyan, of negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a), and acquitted him of operating under the influence of intoxicating liquor and leaving the scene of property damage. The judge also found him not responsible for a marked lanes violation. On appeal, he claims that the trial judge should have allowed his motion for a required finding of not guilty because the Commonwealth did not meet its burden of proving negligence. We affirm.

To obtain a conviction for negligent operation of a motor vehicle, "the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) upon a public way, and (3) (recklessly or) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Daley, 66 Mass.

App. Ct. 254, 255 (2006), quoting Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004).  On appeal, the defendant challenges only the sufficiency of the evidence pertaining to the negligence element.  "[O]rdinary negligence suffices" to establish the negligence required for this element.  McGovern v. State Ethics Comm'n, 96 Mass. App. Ct. 221, 232 n.25 (2019).  As relevant here, the inquiry on appeal is whether, after viewing the evidence in a light most favorable to the Commonwealth, "any rational trier of fact could have found" negligence beyond a reasonable doubt.  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Testimony at trial provided ample evidence for jurors to infer negligence:  the defendant's car collided with the right side of the Jeep on a two-lane highway at about 12:20 A.M.; the driver of the Jeep did not see any lights from the vehicle that struck and disabled her Jeep; the defendant did not stop at the scene of the crash and drove off the highway to a gas station and left his car at a gas station; he appeared intoxicated when confronted by responding police; and his car contained empty beer bottles on the floor as well as one half-full bottle that was "cold to the touch."

Based upon this evidence, jurors could rationally conclude that the defendant was negligent in that he drove his car while in an intoxicated state, without any illuminating lights on a

highway at night, and sideswiped the Jeep while passing it on the right. See Commonwealth v. Charland, 338 Mass. 742, 743-744 (1959) (negligence inferred from head on collision in rotary); Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 220 (2019) (negligence inferred from "erratic driving and near collision"); Daley, 66 Mass. App. Ct. at 256 (negligence inferred from erratic driving, intoxication, and near collision with road sign). See also 720 Code Mass. Regs. § 9.06(3) (1996) (driver "shall pass at a safe distance to the left" of another vehicle and "shall not cut in ahead of such other vehicle until safely clear of it"); Campbell v. Cape & Islands Healthcare Servs., Inc., 81 Mass. App. Ct. 252, 254 (2012) ("well established that '[a] violation of a statute, ordinance or regulation, although not conclusive, is evidence of negligence on the part of a violator as to all consequences that the statute, ordinance or regulation was intended to prevent'" [citation omitted]). The "assessment of the weight and credibility of [this] evidence was properly left to the jury." Commonwealth v. AdonSoto, 475 Mass. 497, 510 (2016).

The defendant contends that the evidence did not warrant an inference that he drove without headlights or exceeded the speed limit. The contention is unavailing. To begin, we need not address the question of excessive speed because the Commonwealth presented sufficient evidence of other negligent conduct. As to

3

the inference that the defendant drove without headlights, the driver of the Jeep testified as follows: she drove in the left lane at about 12:20 A.M., she did not see any other traffic, she "never saw headlights" approaching, her Jeep "kind of exploded" with flying glass and the passenger-side air bag deployed, her Jeep lost power and stopped, she saw no other cars, and she initially thought that she hit a deer. Based upon the sudden impact to the passenger side of the Jeep, the absence of any lighted cars being visible before and after the crash, and the defendant's admission to the police that he had just been in a crash on the highway, jurors could readily conclude that the defendant drove without any illuminated headlights before colliding with the Jeep. "[I]nferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).

Challenging a further basis of negligence, the defendant contends that the Commonwealth did not present "strong" evidence that he was intoxicated and presented "extremely weak" evidence of consciousness of guilt. Contrary to these contentions, the evidence must be viewed in a light most favorable to the Commonwealth with questions going to the weight of the evidence being left for the jury. Latimore, 378 Mass. at 676-677. Under

4

the Latimore standard, "we do not weigh the supporting evidence against conflicting evidence." Commonwealth v. Semedo, 456 Mass. 1, 8 (2010).

Apart from intoxication, jurors could also infer negligent operation from the defendant's consumption of alcohol. Evidence of alcohol consumption prior to driving (or while driving) "is patently relevant to whether the defendant exercised reasonable care while driving." Commonwealth v. Woods, 414 Mass. 343, 350, cert. denied, 510 U.S. 815 (1993). At a minimum, the Commonwealth presented such evidence of the defendant's alcohol consumption. State police Lieutenant John Brooks testified that when he found the defendant near the crash site, the defendant's eyes appeared "very glassy and bloodshot," and he could "detect an odor of alcoholic beverage." Lieutenant Brooks subsequently found a half-full bottle of beer behind the driver's seat in the defendant's car that was "still cold to the touch." Trooper Daniel Narcessian testified that he noticed the defendant had "slurred speech, glassy, bloodshot eyes," and he could "smell the odor of alcohol coming from his breath." Trooper Narcessian further testified that he looked into the defendant's car and saw several empty beer bottles. Trooper Narcessian then had the defendant perform several field sobriety tests, during which the defendant had a difficult time following directions. This testimony provided a sufficient basis for jurors to conclude

5

that the defendant was intoxicated or had been "consuming alcohol prior to driving." Woods, 414 Mass. at 350. "The fact that the jury ultimately did not convict the defendant of OUI does not preclude their consideration of the evidence of intoxication in considering the negligent operation charge." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380 (2017).

As to consciousness of guilt, the evidence showed that the defendant left the scene of a significant two-car crash, drove off the highway, pulled into a gas station, left his car unoccupied, and returned to his car when the police arrived. "Flight is perhaps the classic evidence of consciousness of guilt." Commonwealth v. Carrion, 407 Mass. 263, 277 (1990). At trial, and on appeal, the defendant has offered alternative, innocuous reasons for his departure from the crash scene. Nevertheless, as previously noted, the defense arguments go to the weight of the evidence, not the sufficiency of the evidence. "[I]t is for the jury alone to determine what weight will be accorded to the evidence." Commonwealth v. Hoffer, 375 Mass. 369, 377 (1978).

Finally, the defendant contends that the evidence offered at trial showed that he was not negligent because it was equally plausible for the driver of the Jeep to have caused the crash. Based upon the facts presented and viewing those facts in a light most favorable to the Commonwealth, "[i]t was both

reasonable and permissible for the trier of fact to infer that the defendant operated his motor vehicle in a negligent manner" and caused the crash.  Daley, 66 Mass. App. Ct. at 256.

Judgment affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  October 19, 2023.

---

[1] The panelists are listed in order of seniority.