NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1242

COMMONWEALTH

vs.

JESSICA PAQUETTE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant, Jessica Paquette, was convicted of assault and battery by means of a dangerous weapon (ABDW), G. L. c. 265, § 15A (b).[1] The defendant appeals, arguing that the evidence was insufficient to prove her intent and the prosecutor's closing argument was improper. We affirm.

Background. In the light most favorable to the Commonwealth, the fact finder could have found as follows.

---

[1] The judge found the defendant not guilty of assault and battery on a family or household member, G. L. c. 265, § 13M (a).

At about 10 P.M. on April 13, 2022, Detective Michael Mills of the Haverhill police narcotics unit was in a hotel parking lot in an unmarked car when he saw the defendant sitting in a gray BMW fewer than fifty yards away. The BMW was running and the defendant appeared to be waiting. A person approached the BMW and spoke to the defendant. Suspecting that this interaction may be "drug related," Mills decided to talk to the defendant. Mills got out of his car and walked toward the BMW.

From about twenty-five yards away, Mills saw a man, later identified as the defendant's fiancé John Boyce, walking toward the BMW, approaching it from behind. When Boyce was about fifteen to twenty feet away from the BMW, its reversing lights came on and it abruptly accelerated in reverse. Boyce put both hands in front of his body to brace for the impact. The BMW impacted Boyce's hands and pushed him backwards slightly, and Boyce shuffled to the side of the BMW as it continued to accelerate in reverse. The BMW then drove forward toward the exit from the parking lot.

Mills ordered the driver of the BMW, who was the defendant, to stop. The defendant complied. Mills also called out to Boyce, who walked away and left the scene. Mills asked the defendant about the incident. The defendant told Mills that Boyce was her fiancé and that she and Boyce had been arguing throughout the day. She said that the BMW belonged to Boyce's

2

mother and Boyce "had been trying to take the license plate off of [the BMW] so [the defendant] wouldn't be able to drive it." Asked by Mills if she knew she had hit Boyce with the BMW, the defendant at first responded no. After Mills said he had seen the incident, the defendant admitted that in the rearview mirror she had seen Boyce walking up to the BMW and that the BMW had impacted "only [Boyce's] hands."

Called by the defendant, Boyce testified that he approached the BMW to adjust a bolt on its license plate. After doing so, Boyce placed his hand on the trunk "to let [the defendant] know [the license plate] was all set, and [he] was ready to go when she was." Boyce further testified that he was not struck by the BMW and was not injured.

The judge found the defendant guilty of ABDW, noting that she did not find Boyce's testimony credible. The defendant appeals.

Discussion. 1. Sufficiency of the evidence. The defendant argues that the evidence was insufficient to support a conviction of ABDW because the Commonwealth did not disprove that her backing the BMW into Boyce was merely "accidental or negligent." When reviewing the defendant's sufficiency claim, we determine whether, "after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a

3

reasonable doubt" (citation omitted).  Commonwealth v. Latimore,
378 Mass. 671, 677 (1979).

To prove ABDW, the Commonwealth was required to establish
either that the defendant acted with "the intent to use [the
BMW] in a dangerous or potentially dangerous fashion" or engaged
in "the intentional commission of a wanton or reckless act
(something more than gross negligence) causing physical or
bodily injury to another" (citations omitted).  Commonwealth v.
Cruzado, 73 Mass. App. Ct. 803, 807 (2009) (ABDW proven under
either theory of intent where defendant accelerated stolen car
while victim held onto car).  The Commonwealth concedes that
there was no evidence that the victim was injured by the impact
from the BMW, and so we focus on whether there was evidence that
the defendant intended to use the BMW dangerously.

Mills testified that nothing obstructed the defendant's
view of Boyce, and that when Boyce was about fifteen to twenty
feet away from the BMW, the defendant put the BMW in reverse and
accelerated backwards.  The defendant admitted that she saw the
victim behind the BMW, believed that the victim was going to
either remove or adjust the license plate, and that the BMW
impacted his hands.

That evidence sufficed to prove that the defendant intended
to use the BMW in a dangerous or potentially dangerous fashion.
See Cruzado, 73 Mass. App. Ct. at 807.  See also Commonwealth v.

4

Garuti, 23 Mass. App. Ct. 561, 563 (1987) (affirming conviction of ABDW where police testified that defendant driver saw police officers, started car, and struck police as car "shot backwards"). As the trier of fact, it was the judge's prerogative to credit Mills's testimony over that of Boyce. See Commonwealth v. Isaiah I., 448 Mass. 334, 337 (2007). See also Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012) ("In a bench trial credibility is quintessentially the domain of the trial judge [so that her] assessment is close to immune from reversal on appeal except on the most compelling of showings" [citation and quotation omitted]).

2. Prosecutor's closing argument. For the first time on appeal, the defendant asserts that the prosecutor's closing argument was improper. Because the defendant did not raise this issue before the trial judge, we consider whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. Jones, 471 Mass. 138, 148 (2015). We conclude that it did not.

"A prosecutor may not misstate the evidence or refer to facts not in evidence" (quotation and citation omitted). Commonwealth v. Rivera, 482 Mass. 259, 269-270 (2019). But "[a] prosecutor may . . . argue zealously 'for a conviction based on the evidence and on inferences that may reasonably be drawn from

5

the evidence.'"  Id. at 270, quoting Commonwealth v. Carriere, 470 Mass. 1, 19 (2014).

The defendant contends that the prosecutor "misrepresented the actual facts" by arguing that the defendant "rapidly accelerat[ed] backwards in reverse."  We conclude that the prosecutor's argument was supported by the evidence.  Mills testified that the victim was no more than fifteen to twenty feet behind the BMW when it began to accelerate backwards, and it appeared that the victim "put his hands up to, basically, brace for the impact."  From that, the trier of fact could infer that the acceleration was so quick that the victim did not have time to move out of the way of the BMW.  Moreover, during cross-examination of Mills, defense counsel elicited that the defendant "abruptly" accelerated in reverse.  The difference between the words "abruptly" and "rapidly" is negligible, at best, and using the word "rapidly" was a fair statement based on the evidence.  See Commonwealth v. Britt, 465 Mass. 87, 92-93 (2013) (prosecutor properly argued from evidence of location of car that defendant parked it to make "an easy getaway").[2]

---

[2] To the extent that the defendant contends that there was impropriety in the prosecutor's argument that, "even if the Commonwealth cannot prove the defendant's intent there, the Commonwealth could proceed on a reckless theory," we note that a prosecutor may properly argue alternative theories of liability. See Commonwealth v. Keo, 467 Mass. 25, 42 (2014).

6

In any event, there was no substantial risk of a miscarriage of justice, where the closing argument was delivered to a judge, not a jury.  "[I]t is presumed that the judge as trier of fact applies correct legal principles."  Commonwealth v. Daley, 66 Mass. App. Ct. 254, 257 (2006), quoting Commonwealth v. Milo M., 433 Mass. 149, 152 (2001).  "[T]he law is that the fact finder is to rely on [her] memory of the evidence, not that of counsel."  Daley, supra, quoting Commonwealth v. Montanez, 439 Mass. 441, 452 (2003).

Judgment affirmed.

By the Court (Desmond, Grant & Hodgens, JJ.[3]),

Clerk

Entered:  April 14, 2025.

---

[3] The panelists are listed in order of seniority.