COMMONWEALTH *vs.* JEREMY J. FERREIRA.

No. 06-P-1370.

Essex. May 10, 2007. - August 30, 2007.

Present: TRAINOR, DREBEN, & KATZMANN, JJ.

*Motor Vehicle,* Operating to endanger. *Negligence,* Motor vehicle. *Constitutional Law,* Vagueness of statute. *Due Process of Law,* Vagueness of statute.

The evidence at the trial of a criminal complaint was sufficient to convict the defendant of negligently operating a motor vehicle so as to endanger the lives and safety of the public, in violation of G. L. c. 90, § 24(2)(*a*), where the defendant's behavior (accelerating forward after backing out of a parking space, causing the vehicle's wheels to spin and its back end to "fishtail," while the vehicle made a "screeching" noise), when viewed in relation to the attendant circumstances (the incident occurred in the middle of the day, in a busy shopping center parking lot with moderate to heavy vehicular and pedestrian traffic, and on a surface that had recently been subject to large amounts of snow), might have endangered the lives of the public. [34-36]

This court declined to consider an argument that G. L. c. 90, § 24(2)(*a*), was unconstitutionally vague, where the claim was raised for the first time on appeal. [36]

COMPLAINT received and sworn to in the Peabody Division of the District Court Department on March 28, 2005.

The case was heard by *Santo J. Ruma,* J.

*Thomas D. Frothingham* for the defendant.

*David F. O'Sullivan,* Assistant District Attorney, for the Commonwealth.

TRAINOR, J. The defendant, Jeremy Ferreira, was convicted, after a jury-waived trial, of negligently operating a motor vehicle pursuant to G. L. c. 90, § 24(2)(*a*).[1] The charge resulted from

---

[1] The first sentence of G. L. c. 90, § 24(2)(*a*), as appearing in St. 1975, c. 156, § 1, states in pertinent part:

"Whoever upon any way or in any place to which the public has a right of access, or any place to which members of the public have access as

an incident involving the defendant's operation of a motor vehicle in a shopping center parking lot.[2] The issues presented on appeal are (1) whether sufficient evidence existed to support the conviction of negligently operating the vehicle, and (2) whether the statute is unconstitutionally vague. We affirm.

*Facts.* On January 1, 2005, Sergeant Timothy Maroney (Officer Maroney) of the Peabody police department was working a private detail at a shopping center on Route 114 in Peabody. At approximately 1:15 P.M., Officer Maroney observed a grey BMW automobile, driven by the defendant, back out of a marked parking space. Officer Maroney testified that, after backing out, the vehicle accelerated forward, causing the wheels to spin and the "back end to fishtail" while the vehicle made a "screeching noise." Officer Maroney estimated that the defendant accelerated to "maybe twenty miles per hour." He observed no other "erratic" driving, nor were there any pedestrians in the general area of the defendant's automobile. Officer Maroney followed the defendant out of the parking lot onto Route 114, and

invitees or licensees, operates a motor vehicle recklessly, or operates such a vehicle negligently so that the lives or safety of the public might be endangered . . . shall be punished by a fine of not less than twenty dollars nor more than two hundred dollars or by imprisonment for not less than two weeks nor more than two years, or both . . . ."

[2]Massachusetts decisions have often described G. L. c. 90, § 24(2)(*a*) (and § 24[1][*a*]), as requiring that the negligent (or reckless) operation of the motor vehicle occur on a "public way." See, e.g., *Commonwealth v. Jones*, 382 Mass. 387, 390 n.4 (1981) ("Whoever upon any [public] way . . . operates a motor vehicle recklessly, or operates such a vehicle negligently so that the lives or safety of the public might be endangered . . ."); *Commonwealth v. Daley*, 66 Mass. App. Ct. 254, 255 (2006), quoting from *Commonwealth v. Duffy*, 62 Mass. App. Ct. 921, 921 (2004) ("To establish guilt under the negligent operation statute, G. L. c. 90, § 24[2][*a*], 'the Commonwealth must prove that the defendant [1] operated a motor vehicle, [2] upon a public way, and [3] [recklessly or] negligently so that the lives or safety of the public might be endangered' "). In each of these cases, the operation of the motor vehicle, in fact, occurred on a "public way" and, therefore, satisfied the requirements of the statute. The statute's application is not limited to negligent or reckless operation of a motor vehicle on a "public way," however, but also includes any way or place that the public has access to as invitees or licensees. See note 1, *supra*; *Commonwealth v. Callahan*, 405 Mass. 200, 203 (1989); Bishop, Prima Facie Case § 53.59 (5th ed. 2005); Kenney & Farris, Motor Vehicle Law and Practice § 24.6 (3d ed. 1998). Compare Alperin, Summary of Basic Law § 7.230 (4th ed. 2006). The defendant does not contest that the parking lot in this case was such a "place."

stopped him approximately one and one-half miles from the parking lot.

The defendant testified that his automobile slid to the side while pulling out of the parking space, and he then proceeded out of the parking lot, stopped at a sign, and stopped again on Route 114. The defendant estimated his speed to be less than twenty miles per hour at the time of the incident.

*Discussion.* The defendant first argues that there was insufficient evidence to support his conviction. It is sufficient to deny a motion for a required finding of not guilty when the evidence, viewed in the light most favorable to the Commonwealth, would "satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime [is] present." *Commonwealth* v. *Siciliano*, 420 Mass. 303, 307 (1995). See *Commonwealth* v. *Platt*, 440 Mass. 396, 400 (2003).

To establish guilt for driving to endanger under G. L. c. 90, § 24(2)(a), the Commonwealth must prove that the defendant operated a motor vehicle negligently (or recklessly[3]) so as to endanger the lives or safety of the public "upon any way or in any place to which the public has a right of access . . . as invitees or licensees." *Ibid.* The defendant challenges the sufficiency of the evidence with respect to the element of negligent operation so as to endanger the lives and safety of the public.

The defendant argues that the lack of pedestrians in the "general area" of his vehicle, and the lack of evidence regarding duration of conduct, distance traveled, location of nearby vehicles, and speed in relation to other vehicles, does not satisfy the "reasonable man" objective tort standard for determining negligence. See *Galliher* v. *Stewart*, 310 Mass. 77, 80 (1941) ("conduct is to be judged by whether a reasonable man . . . would have realized that his conduct, at that time, involved an unreasonable risk of harm to others"). Additionally, the defendant argues that violation of G. L. c. 90, § 24(2)(a), requires evidence of conduct exceeding a minimum level of

---

[3]In *Commonwealth* v. *Jones*, 382 Mass. 387, 392 (1981), the Supreme Judicial Court recognized "that by custom and usage the element of 'recklessness' has been of little or no significance in the application of the operating to endanger statute" and, therefore, "the statutory word 'recklessly' seems to be surplusage."

dangerousness for an extended period of time and that his actions do not rise to such a level. In support of this argument he cites cases involving convictions resulting from extended periods of negligent driving, including driving in excess of posted speed limits and general failure to abide by traffic rules.

The cases cited by the defendant, however, do not persuade us because, under the statute, it is not the duration of negligent operation or the proximity of the public but "the operation of the vehicle itself that is the crime." *Commonwealth* v. *Constantino*, 443 Mass. 521, 526 (2005). The statute only requires proof that the defendant's conduct might have endangered the safety of the public, not that it in fact did. *Commonwealth* v. *Duffy*, 62 Mass. App. Ct. 921, 923 (2004). See *Commonwealth* v. *Constantino*, *supra* at 526-527 ("a person may operate a vehicle in such a way that would endanger the public although no other person is on the street"). It is quite possible for public safety to be put in jeopardy by conduct that occurs over the span of an instant. See *id.* at 522, 528 n.6 (affirming conviction where defendant deliberately hit brakes, causing driver behind to veer to avoid collision); *Commonwealth* v. *Labelle*, 67 Mass. App. Ct. 698, 700-701 (2006) (operating to endanger where defendant sped through yellow light at intersection during busy time of day).

Here, the incident occurred in the middle of the day, in a busy shopping center parking lot with "moderate to heavy" vehicular and pedestrian traffic, and on a surface that had recently been subject to large amounts of snow. The evidence of the defendant's behavior, when viewed in relation to these attendant circumstances, was sufficient to prove that his conduct might have endangered the lives of the public. See *Commonwealth* v. *Duffy*, *supra* at 922-923 (evaluating defendant's speed in relation to its occurrence in populated neighborhood on holiday afternoon and finding operation to endanger). Additionally, in light of the attendant circumstances, the lack of evidence of continuing excessive speed does not gain the defendant any ground, as it is only one factor to be considered when determining whether the lives of the public could have been endangered. See *Commonwealth* v. *Daley*, 66 Mass. App. Ct. 254, 256 (2006) (operating to endanger where defendant erratically crossed lanes, straddled breakdown

lane, and used wipers on clear night while driving under speed limit). The evidence was sufficient to withstand a motion for a required finding of not guilty.

The defendant next argues that G. L. c. 90, § 24(2)(*a*), is unconstitutionally vague because it fails to give fair warning of the proscribed conduct and is subject to arbitrary application. This claim is being raised for the first time on appeal. The defendant did not raise this claim in written or oral argument in the trial court, and it is, therefore, not entitled to consideration. See *Commonwealth* v. *Bibby*, 35 Mass. App. Ct. 938, 941-942 (1993) ("We do not consider on appeal an issue [regarding vagueness] which has not been put to the trial judge"); *Commonwealth* v. *Belle Isle*, 44 Mass. App. Ct. 226, 230 (1998) ("To the extent that the defendant did not raise the [vagueness] issue in the trial court, we do not consider it on appeal").

For the foregoing reasons, the judgment is affirmed.

*So ordered.*