NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1392                                      Appeals Court

COMMONWEALTH  vs.  DEJON ROSS.

No. 16-P-1392.

Middlesex.     September 6, 2017. - October 11, 2017.

Present:  Massing, Kinder, & Ditkoff, JJ.

Motor Vehicle, Operating to endanger.  Practice, Criminal,
     Required finding.

     Complaint received and sworn to in the Natick Division of
the District Court Department on May 27, 2014.

     After transfer to the Marlborough Division of the District
Court Department, the case was tried before Michael L. Fabbri,
J.

     Justin D. Cohen for the defendant.
     Emily Walsh, Assistant District Attorney, for the
Commonwealth.

     DITKOFF, J.  The defendant, Dejon Ross, appeals from his

conviction of negligent operation of a motor vehicle, G. L.

c. 90, § 24(2)(a).  Concluding that evidence of the defendant's

excessive speed at night on a narrow residential two-lane road

lined with trees, poles, and fences, after consuming alcohol,

was sufficient to show that he operated negligently so that the lives or safety of the public might have been endangered, we affirm.

1. Background. On May 23, 2014, at approximately 9:50 P.M., a police officer in the town of Sherborn (town) observed the defendant driving a red sedan, southbound on Western Avenue in the town, at a high rate of speed. At the location in question, Western Avenue is a public two-lane road with narrow, unpaved shoulders and no breakdown lane. The road is lined by trees, telephone poles, and residential fences along where the incident occurred. The officer testified that the speed limit was thirty-five miles per hour. Using radar, the officer determined that the defendant was travelling at fifty miles per hour.

The officer activated his police cruiser's lights, and the defendant promptly pulled over to the side of the road. The officer observed that the defendant was the driver and noticed two other passengers in the sedan. When the defendant lowered the driver's side window, the officer "immediately detected . . . a strong odor of an alcoholic beverage" and observed that the defendant's eyes appeared "very glossy."

The officer asked the defendant to get out of the vehicle and then performed three field sobriety tests on him.[1] While conducting the sobriety tests, the officer observed that the defendant (1) was unsteady during all three tests; (2) repeatedly stated, "I couldn't even do this if I was sober" while standing on one leg; (3) spoke in "thick," slurred language; and (4) emitted the smell of alcohol as he spoke. The officer testified that, in his opinion, the defendant failed to perform two sobriety tests satisfactorily, and failed to perform a third test "[a]s instructed."

The defendant ultimately was tried by a jury on a complaint charging him with (1) operating a vehicle while under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24(1)(a)(1), and (2) negligent operation of a motor vehicle.[2] The jury acquitted the defendant of OUI and convicted him of negligent operation.

2. Discussion. a. Standard of review. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most

---

[1] The officer testified that the tests were performed on the road in an area "well-lit by streetlights." The defendant, however, produced witness testimony contradicting the presence of streetlights in the stop's vicinity.

[2] A third charge, of operating a motor vehicle with a suspended license, G. L. c. 90, § 23, was dismissed by the Commonwealth.

favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713, cert. denied, 134 S. Ct. 2855 (2014). As the defendant moved for a required finding of not guilty at the close of the Commonwealth's case and again at the close of all the evidence,[3] we first "consider the state of the evidence at the close of the Commonwealth's case to determine whether the defendant's motion should have been granted at that time." Commonwealth v. O'Laughlin, 446 Mass. 188, 198 (2006), quoting from Commonwealth v. Sheline, 391 Mass. 279, 283 (1984). Then, we "consider the state of the evidence at the close of all the

---

[3] That the trial judge mentioned at sidebar that the evidence was "thin as to one or another or both counts" is of no moment. A trial judge is entitled to a frank discussion at sidebar with counsel, and a judge's sidebar remarks are neither evidence to be considered by the jury nor rulings with legal effect. See Commonwealth v. Colon, 33 Mass. App. Ct. 304, 308 (1992) ("Comments made by a judge in colloquy with counsel, particularly when counsel are permitted to carry on for the purpose of persuading the judge, are not taken as tantamount to a ruling of law by the judge"). Similarly, the prosecutor's admission that the evidence was "slim" while arguing that it was sufficient shows commendable frankness and is not a proper consideration for our analysis.

evidence, to determine whether the Commonwealth's position as to proof deteriorated after it closed its case." Ibid.

b. Sufficiency of the evidence at the close of the Commonwealth's case. To obtain a conviction for negligent operation of a motor vehicle pursuant to G. L. c. 90, § 24(2)(a), the Commonwealth must prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered. Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004). Here, only the third element is contested.

Unlike many negligent operation cases, this case does not involve a collision or a near collision. See, e.g., Commonwealth v. Charland, 338 Mass. 742, 743-744 (1959) (affirming a negligent operation conviction after a head-on collision while the defendant was travelling the wrong way on a rotary traffic circle); Commonwealth v. Daley, 66 Mass. App. Ct. 254, 256 (2006) (erratic swerving while intoxicated such that defendant "nearly struck a large road sign"). Likewise, negligence per se does not apply here; evidence that the defendant exceeded the posted speed limit is not adequate, in and of itself, to prove negligent operation. See Duffy, 62 Mass. App. Ct. at 922, citing Commonwealth v. Campbell, 394 Mass. 77, 83 n.5 (1985).

In Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 33-35 (2007), this court found sufficient evidence to support a negligent operation conviction despite the absence of a collision, near collision, or injury.  There, a police officer observed the defendant's vehicle accelerate after reversing out of a parking space, making a "screeching noise" and causing the vehicle to "fishtail" as it left the parking lot traveling approximately twenty miles per hour.  Id. at 33.  Considering the time and place -- the incident occurred midday, in a commercial parking lot with "moderate to heavy" vehicle and pedestrian traffic, and in snow-covered conditions -- we held that the evidence "was sufficient to prove that [the defendant's] conduct might have endangered the lives of the public."  Id. at 35.

Here, the defendant was driving at least fifteen miles per hour over the speed limit on a dark tree- and fence-lined road, at night, through a residential area.  The road was narrow; there were no curbs, breakdown lanes, or guardrails to mitigate the risk if the defendant lost control of his vehicle.  The defendant's relatively high speed increased the probability of a collision by impairing the defendant's ability to react to hazards -- whether expected or unexpected, natural or human -- likely to occur in the area.  See Duffy, 62 Mass. App. Ct. at 922-923.

Moreover, the defendant was driving with passengers on the Friday night of Memorial Day weekend, in a vehicle smelling strongly of alcohol.  See id. at 922 ("the defendant was speeding through a thickly settled neighborhood on a holiday afternoon").  The evidence allowed the jury to find that the defendant was under the influence of alcohol to such an extent that the defendant's physical condition was impaired during the field sobriety tests.  See Commonwealth v. Woods, 414 Mass. 343, 350, cert. denied, 510 U.S. 815 (1993) ("Evidence that the defendant was consuming alcohol prior to driving with passengers late at night is patently relevant to whether the defendant exercised reasonable care while driving"); Daley, 66 Mass. App. Ct. at 256 (defendant's intoxication contributed to evidence of negligent operation).  The fact that the jury ultimately did not convict the defendant of OUI does not preclude their consideration of the evidence of intoxication in considering the negligent operation charge.  See Commonwealth v. Robicheau, 421 Mass. 176, 177, 181 (1995); Commonwealth v. Elliffe, 47 Mass. App. Ct. 580, 583 (1999).

In sum, the defendant drove well in excess of the speed limit at night at the beginning of Memorial Day weekend with two passengers in the car.  The road was a narrow, two-lane, residential road, lined with trees, telephone poles, and fences.  In these circumstances, especially in light of the evidence of

the defendant's intoxication, a reasonable jury could conclude that he acted negligently.

c.  Deterioration.  Deterioration occurs where "evidence for the Commonwealth necessary to warrant submission of the case to the jury is later shown to be incredible or conclusively incorrect."  Kater v. Commonwealth, 421 Mass. 17, 20 (1995).  Deterioration does not occur merely because the defendant contradicted the Commonwealth's evidence.  See ibid., citing Commonwealth v. Walker, 401 Mass. 338, 343-344 (1987).  Rather, "if the Commonwealth has presented sufficient evidence that the defendant committed the crime, the fact that the defendant has presented evidence that he did not does not affect the sufficiency of the evidence unless the contrary evidence is so overwhelming that no rational jury could conclude that the defendant was guilty."  O'Laughlin, 446 Mass. at 204.

Here, the defense investigator's testimony that the area where the officer performed the field sobriety tests was not lit by streetlights negated no element of the crime and, in any event, could have been disbelieved by the jury.  See Walker, 401 Mass. at 343-344 ("As the jury were free to disbelieve the defendant's account, there was nothing compelling in this evidence which caused the prosecution's case to deteriorate").  Moreover, the possibility that the area was poorly lit increased, rather than decreased, the danger posed by the

defendant's driving.  Accordingly, the evidence of negligent operation remained sufficient after the defendant's case.

<u>Judgment affirmed</u>.