NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-379

COMMONWEALTH

vs.

BETTY N. MWANGI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of negligent operation of a motor vehicle.  By this appeal, she challenges the sufficiency of the evidence to support her conviction.  We affirm.

Background.  "We recite the facts the jury could have found, viewing the evidence in the light most favorable to the Commonwealth, while reserving certain details for later discussion."  Commonwealth v. Combs, 480 Mass. 55, 57 (2018).  A Southborough police officer was patrolling Turnpike Road[1] at approximately 1:42 A.M. on the Friday morning after Thanksgiving.  The officer was driving in the lefthand lane when

_____

[1] Turnpike Road is a public way with two lanes in each direction and a Jersey barrier in the middle of the roadway.  At certain points where there is a turning lane, the road may have three lanes.

the defendant's car drifted directly in front of him from the righthand lane without using a turn signal.[2]  The officer followed the car for approximately one-eighth of a mile, observing as it "kind of drifted . . . back into the right-hand lane about three feet," "corrected itself," and "drifted over onto the marked divided lines in the middle between the right-hand [and] left-hand lanes."  Concerned that the defendant might be intoxicated, the officer turned on the cruiser's emergency lights to pull the car over.  The defendant pulled over in a "dangerous" spot at the crest of a hill, with the car's left tires on the line separating the breakdown lane from oncoming traffic.

When the officer neared the defendant's vehicle, he immediately smelled alcohol inside.  The defendant explained that she was coming from a family party where she had had one glass of wine and one glass of Scotch, and that she was taking two different medications for her anxiety.  The defendant's speech was slurred, and her eyes were glassy and bloodshot.  The defendant also said that she may have been drifting because she was using her cell phone.

The officer ordered the defendant out of the vehicle; as she alighted, he smelled alcohol on her person.  The defendant

---

[2] The defendant stipulated to operation and to Turnpike Road's status as a public way.

2

was unsteady on her feet, and "almost fell over" as she was walking and turned to face the officer. Although she agreed to perform field sobriety tests, the defendant was unable to follow the officer's instructions (repeated several times) for either the nine-step walk and turn or the one-legged stand test. After forming the opinion that the defendant was intoxicated, the officer arrested her. The defendant was charged with operating a motor vehicle under the influence of liquor, G. L. c. 90, § 24 (1) (a) (1), and negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a). A jury found the defendant guilty only of negligent operation.

Discussion. We review this sufficiency claim, considering the evidence introduced at trial in the light most favorable to the Commonwealth, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979), bearing in mind that guilt may be established by circumstantial evidence and that inferences drawn from such evidence "need only be reasonable and possible and need not be necessary or inescapable." Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007), quoting Commonwealth v. Longo, 402 Mass. 482, 487 (1988). Negligent operation requires proof that the defendant "(1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the

3

public might be endangered."  Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017).  "The statute only requires proof that the defendant's conduct might have endangered the safety of the public, not that it in fact did."  Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007).  We direct our analysis at the third element.  See note 2, supra.

A rational jury reasonably could have found that the defendant's conduct might have endangered the safety of the public.  After consuming alcohol, the defendant, while driving, drifted "directly in front of" a marked police cruiser in the early-morning darkness.  The officer described the defendant as "driving a little erratic[ally]," and noted that another vehicle was approaching at the same time.  When the officer initiated the stop, the defendant pulled over in a "pretty dangerous" spot and admitted to (1) drinking alcohol, (2) using her cell phone while driving, and (3) taking two medications.[3]  See Ross, 92 Mass. App. Ct. at 380 ("The fact that the jury ultimately did not convict the defendant of OUI does not preclude their consideration of the evidence of intoxication in considering the negligent operation charge").  That the defendant had at least

---

[3] The defendant testified, and on cross-examination admitted that she knew those medications could cause dizziness, drowsiness, and difficulty concentrating when mixed with alcohol.  As to the required finding issue, we consider the evidence at the close of the Commonwealth's case.

some difficulty concentrating was reasonably inferable from the officer's testimony and the dashboard camera footage that captured both her driving and her unsuccessful field sobriety tests. A rational jury reasonably could conclude that the defendant put the safety of the public in danger when, after mixing medication with alcohol, she used her cell phone while driving and drifted between lanes without regard for the other cars on the road. See Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 371 (2019); Ross, 92 Mass. App. Ct. at 380-381; Ferreira, 70 Mass. App. Ct. at 35. See also Lao, 443 Mass. at 779 ("[if], from the evidence, conflicting inferences are possible, it is for the jury to determine where the truth lies, for the weight and credibility of the evidence is wholly in their province").

Judgment affirmed.

By the Court (Neyman, Grant & Hershfang, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered: August 1, 2023.

---

[4] The panelists are listed in order of seniority.