NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1205

COMMONWEALTH

vs.

JOHN N. RIVERA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, John N. Rivera, appeals from his conviction, after a jury trial in the District Court, of negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).[1] Concluding that evidence that the defendant drove for one-quarter of a mile with two completely shredded tires in a busy area of town was sufficient to establish negligent operation and that the absence of an emergency situation instruction did not create a substantial risk of a miscarriage of justice, we affirm.

1. Sufficiency of the evidence. "[W]e consider the evidence introduced at trial in the light most favorable to the

---

[1] The jury acquitted the defendant of operating a motor vehicle under the influence of alcohol, G. L. c. 90, § 24 (1) (a) (1), and the trial judge found the defendant responsible for an equipment violation, G. L. c. 90, § 7. The equipment violation is not part of this appeal.

Commonwealth[] and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 407 (2023), quoting Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 216 (2019). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).

"A conviction of negligent operation requires a showing that the defendant operated the vehicle 'negligently so that the lives or safety of the public might be endangered.'" Commonwealth v. Zagwyn, 482 Mass. 1020, 1021 (2019), quoting G. L. c. 90, § 24 (2) (a).[2] "The statute only requires proof that the defendant's conduct might have endangered the safety of the public, not that it in fact did." Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007).

Here, the defendant drove his vehicle with two flat tires at around twenty miles per hour for approximately one-quarter of a mile through the heart of downtown Amherst where there were "a lot of people walking to and from." The responding officer

---

[2] The defendant does not challenge the sufficiency of the evidence supporting the other elements of negligent operation. See Commonwealth v. Howe, 103 Mass. App. Ct. 354, 357 (2023).

2

observed that the "tires were like completely shredded," causing the vehicle to tilt noticeably.  The defendant did not activate his hazard lights or even a turn signal, and he pulled over only once another officer activated his lights.  In addition, there was considerable evidence that the defendant was under the influence of alcohol.  See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380 (2017).  The jury could reasonably find "that the defendant was not driving with the care he ought to have been exercising under the circumstances."  Commonwealth v. Howe, 103 Mass. App. Ct. 354, 359 (2023).  Accord Ferreira, 70 Mass. App. Ct. at 33-35 (sufficient evidence of negligence where defendant backed out of parking spot in busy lot affected by recent snow and accelerated forward to "maybe twenty miles per hour," causing back of vehicle to fishtail).

2.  Emergency situation instruction.  "Trial judges have 'considerable discretion in framing jury instructions, both in determining the precise phraseology used and the appropriate degree of elaboration.'"  Commonwealth v. Alden, 93 Mass. App. Ct. 438, 444 (2018), quoting Commonwealth v. Kelly, 470 Mass. 682, 688 (2015).  Where, as here, a defendant fails to request a jury instruction, we review for a substantial risk of a

miscarriage of justice. Commonwealth v. Whitson, 97 Mass. App. Ct. 798, 807 (2020).[3] There was none.

Here, the defendant testified that, just before he got to a rotary, he heard "an explosion sound," which he "immediately" recognized as his tires popping. He "decided to turn back on the rotary and head the opposite direction from which [he] came . . . and stop at like the nearest place." He then pulled over at a bus stop about five feet from the exit.

The instruction now requested informs the jury that, if "there was a sudden emergency which required rapid decision," the jury "must determine whether the defendant acted as a reasonable person would under similar emergency circumstances." Supplemental instruction 2 to Instruction 5.240 of the Criminal Model Jury Instructions for Use in the District Court (2009). In this regard, the prosecutor argued that the defendant's negligent operation consisted of not "pull[ing] over at the first moment [he] could." Defense counsel conversely argued that the defendant was not negligent because he pulled over "within a fairly short time." Both agreed that the defendant had the duty to pull over promptly and disagreed only on whether

_____

[3] The defendant requested "an accident instruction" because "the disabling of the tires was the definition of an accident." This request, apparently for instruction B of Instruction 5.240 of the Criminal Model Jury Instructions for Use in the District Court (2009), did not preserve a request for the emergency situation instruction also contained in Instruction 5.240.

he had done so.  Under these circumstances, the omission of the instruction did not create a substantial risk of a miscarriage of justice.  See Commonwealth v. Penn, 472 Mass. 610, 626 (2015) ("Given this context, the jury would have known what the missing instruction would have told them").[4]

Judgment affirmed.

By the Court (Wolohojian, Shin & Ditkoff, JJ.[5]),

Joseph F. Stanton

Clerk

Entered:  October 10, 2023.

---

[4] In the absence of a substantial risk of a miscarriage of justice, "the defendant's ineffective assistance of counsel claim founders of the same shoals as his unpreserved claim of error."  Commonwealth v. Williams, 102 Mass. App. Ct. 626, 631 (2023).

[5] The panelists are listed in order of seniority.