NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-59

COMMONWEALTH

vs.

JAKE M. PETRILLI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant was convicted of negligent operation of a motor vehicle pursuant to G. L. c. 90, § 24 (2) (a).  On appeal, he challenges the denial of a motion for a required finding of not guilty at the close of the Commonwealth's case.[1]  We affirm.

"The standard for evaluating a motion for a required finding of not guilty is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

---

[1] The defendant was acquitted of operating a motor vehicle while under the influence of alcohol.  The judge found him not responsible on the speeding charge because that charge was "part of the negligent operation charge."

beyond a reasonable doubt.'" Commonwealth v. James, 424 Mass. 770, 784 (1997), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). To establish guilt of the charge of negligent operation of a motor vehicle pursuant to G. L. c. 90, § 24 (2) (a), the Commonwealth must prove that the defendant operated a motor vehicle on a public way,[2] recklessly or negligently "so that the lives or safety of the public might be endangered." Commonwealth v. Zagwyn, 482 Mass. 1020, 1021 (2019). "The statute 'only requires proof that the defendant's conduct [in operating the vehicle] might have endangered the safety of the public, not that it in fact did.'" Id., quoting Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007).

The Commonwealth presented the following evidence at trial. On September 23, 2022, at 2:30 A.M., the defendant drove his car at a speed of seventy-one miles per hour in a forty-five miles per hour zone in Duxbury. A police officer was parked on the side of the road in his marked cruiser when the defendant passed by with such force that the cruiser shook. After the defendant's car passed by, the officer activated his cruiser's emergency lights, pulled onto the road, and followed the defendant. At first, the defendant did not slow down; the

---

[2] There was no dispute that the defendant was operating the vehicle on a public way.

defendant drove for "close to or more than a quarter of mile" before he stopped.

Upon approaching the vehicle, the officer "was immediately met with a strong odor of burnt marijuana emanating from inside the vehicle." He also noted that the defendant's eyes were "bloodshot and glassy, his speech was slurred, [and] his movements were slow and lethargic." The officer asked the defendant for his license and registration, but the defendant only handed him his license. Upon a second request by the officer, the defendant gave him a registration cancellation receipt from the glove box. After the officer told him that it was not the correct document, the defendant fumbled through the glove box before finally providing the officer with his correct registration.

The officer administered field sobriety tests after which he formed the opinion that the defendant was under the influence of alcohol. While being booked by a different officer, the defendant was still unsteady on his feet and swaying. This officer also formed the opinion that the defendant was under the influence of alcohol.

Although "[e]xcessive speed, by itself, does not mandate [a finding of negligent operation], . . . it can be considered in combination with other evidence, in determining whether the defendant's operation constituted negligent operation."

3

Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922 (2004), citing Commonwealth v. Campbell, 394 Mass. 77, 83 n.5 (1985). Evidence of a defendant's intoxication is also relevant to a negligent operation finding. See Commonwealth v. Daley, 66 Mass. App. Ct. 254, 256 (2006) (considering defendant's intoxication in finding of negligent operation).

The excessive speed at which the defendant was driving at night, coupled with his physical impairment as demonstrated by his poor performance on the field sobriety tests is sufficient to support a conviction of negligent operation of a motor vehicle. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380-381 (2017) (combination of factors, including defendant's driving well in excess of speed limit and intoxication, supported conclusion defendant acted negligently).

Judgment affirmed.

By the Court (Vuono, Brennan & D'Angelo, JJ.[3]),

*Paul Little*

Clerk

Entered:  March 13, 2025.

---

[3] The panelists are listed in order of seniority.