NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-8

COMMONWEALTH

vs.

ROGERIO DEPINA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial in the District Court, the judge found the defendant, Rogerio Depina, guilty of negligent operation of a motor vehicle in violation of G. L. c. 90, § 24 (2) (a), and acquitted the defendant of operating a motor vehicle under the influence of alcohol, see G. L. c. 90, § 24 (1) (a) (1).  On appeal, the defendant argues that the evidence was insufficient to prove that he operated his vehicle in a negligent manner.  We affirm.

Background.  On August 20, 2021, at around 2:30 A.M., Officer Scott Miller was dispatched to a location on Derby Street in Hingham near the on-ramp to Route 3 north.  When he arrived he saw a vehicle with heavy front-end damage and no

front tires. The vehicle was backing up toward the on-ramp. When Miller activated his blue lights, the vehicle pulled over to the side of the road and parked facing the wrong way on the on-ramp. The defendant stepped out. Miller saw two tires in the back seat of the vehicle. From where it was parked, the road was covered with gouge marks that appeared to have been made by the vehicle's exposed rims where the front tires were supposed to be. The gouge marks led to the curb and, where the vehicle had "hopped up on the curb," to a damaged guardrail.

The defendant denied having been in a crash and claimed that his tires "had just blown out" and gone flat. The defendant's speech was slurred and slow, and Miller smelled the odor of alcohol coming from the defendant's face. The defendant denied having consumed alcohol, but conceded that the odor Miller smelled "might be beer." When asked his opinion of the defendant's sobriety, Miller answered, "I formed an opinion he was impaired."

Discussion. "In determining the validity of a claim challenging the sufficiency of the Commonwealth's evidence at trial, we review the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quotation and citation omitted). Commonwealth v. Tantillo, 103 Mass. App. Ct. 20, 25-26 (2023).

2

To prove negligent operation, "the Commonwealth must show 'that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) (recklessly or) negligently so that the lives or safety of the public might be endangered.'" Id. at 26, quoting Commonwealth v. Daley, 66 Mass. App. Ct. 254, 255 (2006). The defendant contests only the third element.

Drivers have the duty "to exercise ordinary care for the safety of others while operating the vehicle." Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 137 (2006). The Commonwealth is not required to prove that the defendant's driving caused a collision, near collision, or injury. See Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 219 (2019). A conviction for negligent operation "only requires proof that the defendant's conduct might have endangered the safety of the public, not that it in fact did." Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007).

We can readily infer that the defendant lost control of his vehicle, hit the curb with enough impact to separate the front tires from the rims, and crashed into the guardrail. But because the Commonwealth presented no evidence of what caused the defendant to lose control, the judge did not base her guilty finding on the accident. Rather, the judge found that instead of leaving his car by the side of the road, getting out of the car, and calling for help, the defendant made the unreasonable

3

decision to retrieve his tires, throw them into the back of his car, get back in, and attempt to drive away. He backed "out into the road," leaving gouge marks as he went, and continued until Miller arrived and activated his blue lights. The video footage from Miller's dashboard camera shows that the defendant drove his dark-colored car, missing two front tires, with the headlights off in the dead of night, in the middle of the travel lane of the on-ramp. "In short, this was not a case where the Commonwealth relied on the mere happening of [an] accident to prove negligent operation" (quotation and citation omitted). Commonwealth v. Howe, 103 Mass. App. Ct. 354, 359 (2023). The defendant's negligence after the accident created a risk of a disastrous collision.

Moreover, the Commonwealth presented evidence that the defendant was intoxicated. See Commonwealth v. Woods, 414 Mass. 343, 350 (1993) (evidence that defendant had been drinking "patently relevant to whether the defendant exercised reasonable care while driving"). The judge could consider the defendant's intoxication as additional evidence of negligent operation even though she acquitted him of operating under the influence. See Commonwealth v. Zagwyn, 482 Mass. 1020, 1021-1022 (2019); Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380 (2017). Considering the totality of the evidence, we have no trouble concluding that a rational fact finder could have found that the

4

defendant's manner of operating the vehicle might have endangered the public.

                                        <u>Judgment affirmed</u>.

                                        By the Court (Massing,
                                          Hershfang & Tan, JJ.[1]),

Clerk

Entered:  March 28, 2025.

---

[1] The panelists are listed in order of seniority.