NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-656

COMMONWEALTH

vs.

DAVID D. MAC MILLAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, David D. Mac Millan, appeals from a conviction, after a jury-waived trial in the Boston Municipal Court, of negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).  Concluding that evidence that the defendant was traveling at more than twice the speed limit on a busy street while showing significant signs of impairment established that his negligent driving might have endangered the lives or safety of the public, we affirm.

"[W]e consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v.

Lagotic, 102 Mass. App. Ct. 405, 407 (2023), quoting

Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 216 (2019). "The

inferences that support a conviction 'need only be reasonable

and possible; [they] need not be necessary or inescapable.'"

Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016),

quoting Commonwealth v. Woods, 466 Mass. 707, 713, cert. denied,

573 U.S. 937 (2014).

"A conviction of negligent operation requires a showing

that the defendant operated the vehicle 'negligently so that the

lives or safety of the public might be endangered.'"

Commonwealth v. Zagwyn, 482 Mass. 1020, 1021 (2019), quoting

G. L. c. 90, § 24 (2) (a).[1] "The statute only requires proof

that the defendant's conduct might have endangered the safety of

the public, not that it in fact did." Commonwealth v. Ferreira,

70 Mass. App. Ct. 32, 35 (2007).

Here, the trooper testified that the defendant was

"[c]locked at 55 miles an hour" where the speed limit was

"[t]wenty-five miles per hour."[2] Although the trooper testified

_____

[1] The defendant properly does not challenge the sufficiency
of the evidence supporting the other elements of negligent
operation. See Commonwealth v. Howe, 103 Mass. App. Ct. 354,
357 (2023). There was sufficient evidence of operation on a
public way.

[2] The trial judge was entitled to credit the trooper's
testimony regarding the speed limit over what the trooper stated
that he wrote in the citation. See Commonwealth v. Coffman, 84

2

that there was "[l]ight traffic," the cruiser camera footage tells a different tale.[3]  In pursuit of the defendant, the cruiser encountered twelve other motor vehicles and five bicyclists on the bridge.  Consistent with the trooper's testimony, the footage also reveals a number of pedestrians in the area.

This case is controlled by Commonwealth v. Duffy, 62 Mass. App. Ct. 921 (2004).  There, as here, "the defendant's speed was not merely over the posted limit, but was more than twice that permitted on the road he was traveling."  Id. at 922.  There, the fact that the area was a "thickly settled neighborhood on a holiday afternoon" permitted the inference that the defendant might need "to respond to the actions, unexpected or otherwise, of the visitors, residents, and other motor vehicle operators that were likely to be" in the area.  Id. at 922-923.  Here, no such inference was necessary, as the video footage demonstrates that the defendant drove past numerous pedestrians, cyclists, and other motor vehicle operators.

_____

Mass. App. Ct. 33, 37 (2013).  Indeed, the trial judge explicitly credited the trooper's testimony.

[3] The defendant's initial speeding is not captured on the footage, apparently because the recording is triggered by the activation of the cruiser lights.  Nonetheless, as the trial judge observed, it is evident that the troopers had to drive quite fast to catch up with the defendant.

Furthermore, the defendant exhibited multiple signs of impairment. "His pupils were constricted." He "was excessively sweating." He needed assistance in exiting the motor vehicle. He was speaking slowly and "in an aggressive manner." "He was taking slow and shallow breaths." Regardless of whether this evidence established a criminal violation for operating under the influence of narcotics,[4] the trial judge was entitled to consider the defendant's evident impairment in determining whether he was negligently endangering the safety of others. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380-381 (2017). Accordingly, the evidence was sufficient to convict the defendant.

Judgment affirmed.

By the Court (Massing, Ditkoff & Hand, JJ.[5]),

Clerk

Entered:  May 18, 2026.

---

[4] The trial judge stated that he may well have convicted the defendant of that charge had a chemist identified the substances found in the motor vehicle, demonstrating that he found the evidence of impairment compelling.

[5] The panelists are listed in order of seniority.

4